UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION - AT LONDON
CIVIL ACTION NO. 06:08-cv-00349

Electronically Filed Under LR 5.7

SHANDA REYNOLDS                                                            PLAINTIFF

V.          **Motion to Exclude Testimony of Joseph Stidham**

HENIFF TRANSPORTATION SYSTEMS, LLC                      DEFENDANT

\*\*\*\*\*\*\*\*\*\*

Comes the Defendant, Heniff Transportation Systems, LLC, by counsel, and moves the Court to exclude Plaintiff's expert, Joseph E. Stidham. As grounds for this Motion, the Defendant respectfully states as follows:

This civil action arises out of a single-vehicle motor-vehicle accident on I-75 North in Laurel County, Kentucky, which occurred when Plaintiff, Shanda Reynods, lost control of her SUV while attempting to pass a commercial tractor-trailer truck. Because of her hard control entry to the right, she lost control of her vehicle and drove off the road to the right, hitting a guardrail, and sustaining the injuries of which she now complains.

Due to the nature of the accident - a single vehicle, no vehicle-vehicle collision - and the conditions at the scene, the only physical evidence at the accident location consisted of the tire marks left by Plaintiff's vehicle and the guardrail damage from the impact she had with the guardrail.

**I.**     **Plaintiff's Proposed Expert "Opinions"**

The Plaintiff has disclosed Joseph E. Stidham pursuant to FRCP Rule 26(a)(2) as an expert who may offer testimony at trial. Mr. Stidham seeks to offer the following testimony:

- "that this was a preventable accident;"

- that the portion of I-75 identified as the scene has no visible obstructions;

- that the accident occurred north of the nearest exit, inconsistent with Mr. Shoemaker's testimony;

- that the road is a slight downhill grade;

- that Mr. Shoemaker violated state law by attempting to overtake other traffic;

- that Mr. Shoemaker did not see Plaintiff before the accident and this violated Indiana law;

- that, contrary to Mr. Shoemaker's deposition and the deposition of the Trooper Baxter, Mr. Shoemaker admitted liability;

- that there is no evidence Plaintiff was exceeding the posted speed limit;

- that Plaintiff swerved her vehicle to the right which caused the loss of control and resulted in her leaving the roadway;

- that the impact caused Plaintiff's vehicle to "trip" and roll, resulting in her claimed injuries;

- that when a commercial truck is equipped with convex hub-mounted mirrors that no blind spots exist; and

- that he is qualified to provide legal interpretations and opinions to the jury on federal regulations and their application in this matter.

### A. The Majority of the Proffered "Opinions" are Merely Factual Statements

The majority of these "opinions" are not opinions at all, but rather bare statements of fact in the case. For example, that the road is a slight downhill grade; or that there are no trees

overhanging into the traveled portion of the highway; or that Plaintiff swerved her vehicle to the right which resulted in her losing control of her vehicle, leaving the road, and sustaining her claimed injuries. These are not opinions. If he is not offering "opinion" testimony, then Mr. Stidham is merely an improper fact witness. Improper, as he was not a witness and his only knowledge comes from hearsay. While such hearsay sources may be proper for an expert to sort through when forming *opinions*, if the testimony offered is not an opinion within the meaning of FRE 702, the testimony must be excluded. He also admitted at his deposition that these restatements of fact disguised as opinions "had no bearing on the causation of this accident." (Depo. Stidham pp. 59-64). Thus, "opinions" 1, 2, 3, 4, 9, 10 and 11 as listed in Mr. Stidham's report and explained in his deposition must be excluded as non-opinion testimony.

### B. Opinion 8 is Improper Hearsay Testimony of a False Admission

"Opinion" number 8 is that Mr. Shoemaker "admitted" liability to Trooper Baxter following this accident. This is contrary to both Mr. Shoemaker and Tpr. Baxter's depositions. Mr. Stidham was not present at the accident and has no first hand knowledge. He admitted this at his deposition. In fact Mr. Stidham testified during his deposition that Tpr. Baxter had never told him such a thing, but that it was Stephen Daniels, a tow truck driver, who apparently repeated the fourth-hand hearsay that the "truck driver came back and told the trooper he was at fault." (Depo. Stidham pp. 36-37). Clearly, Mr. Stidham may not be allowed to testify to this as either "fact" or an "opinion" he has formed of this case, and any testimony regarding this must be excluded under FRE 702, 401, 403, and 803.

### II. Fed. R. Evid. 702 Requirements

An elemental requirement under Fed. R. Evid. 702 is that the testimony of the purported "expert" must qualify as "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. The language of the Rule itself so states. As shown by his own testimony, Mr. Stidham's opinions are neither scientific nor technical, and do not arise from any specialized knowledge. Morever, even if he can be acknowledged as the "expert" Plaintiff believes him to be, this is not sufficient to allow Mr. Stidham to testify to matters that are *not* scientific, technical, or otherwise specialized knowledge possessed by him.

According to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), a "district court's task in assessing evidence proffered under Rule 702 is to determine whether the evidence 'both rests on a reliable foundation and is relevant to the task at hand.'" Best v. Lowe's Home Centers, Inc., 563 F.3d 171, 176 (6th Cir. 2009) (quoting Daubert at 597, 113 S.Ct. 2786.) The court must then consider "whether the reasoning or methodology underlying the testimony is scientifically valid." Id.

As the Sixth Circuit noted, Daubert attempts to strike a balance between liberally admitting evidence, and the need to exclude misleading "junk science" such as Mr. Stidham's proffered "testimony." See Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 267 (2d Cir.2002). Although there is no checklist or test for reaching this balance, the Supreme Court set forth a number of factors in Daubert that typically "bear on the inquiry." Daubert, 509 U.S. at 593, 113 S.Ct. 2786. Under Daubert, before allowing an expert's testimony to be considered by the jury, a trial court should consider: "(1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology properly could be applied to the facts at issue to aid the trier of fact." United States v. Smithers, 212 F.3d 306, 315 (6th Cir.2000).

An expert who presents testimony must "employ[ ] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (emphasis added).

It is the burden of Plaintiff to establish that her putative expert, Joseph E. Stidham, is qualified and reliable within the meaning of Fed. R. Evid. 702 and Daubert and its progeny. The Sixth Circuit has stated this in no uncertain terms: "In short, under Daubert and its progeny, a party proffering expert testimony must show by a 'preponderance of proof' that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of" relevant issues." Sigler v. American Honda Motor Co., 532 F.3d 469, 478 (6th Cir. 2008) (quoting Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir.2000) (emphasis added). Plaintiff clearly has not met this burden with regards to Mr. Stidham.

### III.     Mr. Joseph E. Stidham is Not Qualified Under FRE 702

Mr. Stidham is not qualified within Fed. R. Evidence 702 to present an expert opinion at trial in this civil matter as he does not possess the requisite "knowledge, skill, experience, training, or education" required by the Rule. Nothing in his resume "suggests he is qualified" to offer an opinion on any of the issues identified in his report or deposition. Sigler, 532 F.3d at 479. Mr. Stidham is not a commercial truck driver. He is not an engineer. He is not a professional engineer, nor does he have experience working with or around large trucks. He posits that his six months as a reconstructionist for the Kentucky State Police[1] and classes in courses such as "Basic Rider Course Motorcycle Safety Foundation" or "DNA Diagnostics Center Evidence Collection" qualify him to

---

[1] Mr. Stidham was not certificated as a reconstructionist until November 21, 1997. He left the KSP in May 1998.

testify as to this accident. By his own testimony at deposition, he has performed no calculations or tests in this matter. (Depo. Stidham p. 7) Rather, at the time of his deposition, Mr. Stidham stated that "Based on that and some of the things I've just learned in this class I am going back to do a speed calculation on Ms. Reynolds' vehicle." (Depo. Stidham p. 4) (emphasis added). The class he was referring to was "Energy Methods & Damage Analysis in Traffic Crash Reconstruction." A class he had in July 2009, over one year after Mr. Stidham prepared his report and generated his opinions. (Resume of Stidham). By his own documentation, Mr. Stidham lacked the qualifications to form opinions when he purported to and to testify regarding those opinions. (Depo. Stidham p. 7). As there are no tests or calculations to be testified to, Mr. Stidham's testimony is by definition "non-scientific."

The Sixth Circuit has noted that evidentiary problems are "exacerbated" when courts must deal with purported "non-scientific expert testimony, as is the case here." Berry v. City of Detroit, 25 F.3d 1341, 1349 (6th Cir. 1994). The Courts, as gate-keeper, must exercise even more caution with non-scientific witnesses and more closely scrutinize their proffered qualifications to establish that a valid foundation exists for the proposed opinions to prevent the introduction of "junk science" to the jury. Id., Fed. R. Evid. 702. Even a cursory review of Mr. Stidham's background shows that, as with the "expert"in Berry, no such foundation exists.

As Mr. Stidham has prepared no calculations and generated no tests, he is unable to "assist the trier of fact" – here the jury – to determine a *fact* in issue. Fed. R. Evid. 702. The Sixth Circuit employs the Daubert/Kumho Tire factors, tailored for the specific circumstances, to determine reliability of proposed testimony. Johnson v. Manitowoc Boom Trucks, Inc., 484 F.3d 426, 430 (6th Cir. 2007). In addition to the Daubert/Kumho Tire factors identified by the United States Supreme

Court, the Sixth Circuit has adopted an additional factor for consideration: the "prepared-solely-for-litigation" factor.  Id.; Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1352 (6th Cir.1992); Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 408 (6th Cir.2006) ("We have been suspicious of methodologies created for the purpose of litigation."); Nelson v. Tennessee Gas Pipeline Co., 243 F.3d 244, 252 (6th Cir.2001) ("If anything, Kumho supports the magistrate judge's consideration of factors not mentioned by the Supreme Court, including the fact that [the expert's] study was conducted and the experts' opinions were formed for purposes of litigation."); Avery Dennison Corp. v. Four Pillars Enterprise Co., 45 Fed.Appx. 479, 484 (6th Cir.2002); Smelser v. Norfolk Southern Ry. Co., 105 F.3d 299, 303 (6th Cir.1997).  Here, the following factors should be considered: (A) the "testing" factor; (B) the "general-acceptance" factor; and (C) the "prepared-solely-for-litigation" factor.

### A.     The Testing Factor

Mr. Stidham did not test his "theories" or opinions that he has formulated in this matter.  If he did so, he did not include any references to such testing in his report so he could be asked about this non-existent testing during his deposition. He particularly has never tested his novel theory that, when equipped with hub-mounted convex mirrors, a commercial truck driver experiences no blind spots when driving. (Depo. Stidham pp. 10, 27, 44-47).  Even so, the Sixth Circuit allows a showing of technical expertise in the specific area of testimony as one way to "overcome" the failure of the testing requirement.  Johnson, 484 F.3d at 431-32.  Mr. Sidham's self-serving statements that he is qualified to render the proffered opinions are based only on claims of "specific expertise" – an alleged expertise that is completely undercut by his testimony that he learned pertinent reconstruction knowledge *after* he formulated opinions that supposedly *rely* on that education.

B.  **The General Acceptance Factor**

Plaintiff has offered no proof that Mr. Stidham's unique interpretations of the effect of hub-mounted convex mirrors are generally accepted. Johnson, 484 F.3d at 433. Rather, it is Plaintiff's burden to establish this point, which she has not done so. Plaintiff offers advertising material generated by the company attempting to sell convex mirrors, and a diagram from the "Indiana Commercial Driver's License Test Booklet" as her only support of Mr. Stidham's position. As Plaintiff has argued elsewhere, Mr. Stidham's use of any portion of the Indiana Commercial Driver's License Booklet is improper as an evidentiary exhibit. Fed. R. Evid. 803(18). Further, neither the text relied upon, nor does the simple diagram accompanying the admonishment to prospective drivers to frequently check their mirrors, supports Mr. Stidham's proposition.

Further, any testimony by Mr. Stidham that, *e.g.*, Mr. Shoemaker violated Kentucky state law (or, for that matter, Indiana law) is improper testimony under Fed. R. Evid. 702, 704(a) and the law of the Sixth Circuit. Berry, 25 F.3d at 1353-54 (citing Hygh v. Jacobs, 961 F.2d 359 (2d Cir. 1992)). Such opinions stating a legal result is not admissible expert witness testimony as it purports to give the jury direction on legal findings from a litigant rather than the Court, which is the only permissible source of instruction on law. Fed. R. Evid. 704(a). Thus, Mr. Stidham has not met the general acceptance factor indicating reliability, either.

C.  **The Prepared-solely-for-litigation Factor**

Finally, this Circuit has, for some time, viewed expert testimony prepared solely for purposes of litigation, as opposed to testimony flowing naturally from an expert's line of scientific research or technical work, as suspect conclusions that should be viewed with caution. Johnson, 484 F.3d at 434. Incorporating the reasoning of the Ninth Circuit on Daubert's remand in 1995, the Sixth

Circuit has stated that simply because is he paid does not necessarily cast doubt on the reliability of a proposed expert's testimony; but if he does not base his opinions on independent research, the party proffering it <u>must come forward with other objective, verifiable evidence</u> that the testimony is based on "valid engineering principles." <u>Johnson</u>, 484 F.3d at 434 (citing <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 43 F.3d 1311 (9th Cir.1995) (<u>Daubert II</u>).

As in <u>Johnson</u>, Mr. Stidham is "the quintessential expert for hire." <u>Id</u>. at 435. As such, and since his testimony is that his opinions do not flow naturally from his own current or prior field work, it is appropriate that the <u>Daubert</u> factors be applied with greater rigor. <u>Id</u>. The Plaintiff must show some <u>objective</u> proof supporting the reliability of Mr. Stidham's testimony. <u>Daubert II</u>, 43 F.3d at 1317-18 ("If the proffered expert testimony is not based on independent research, the party proffering it must come forward with other objective, verifiable evidence. . . .") The words of Mr. Stidham's own mouth through his deposition establish that he has no such support. Thus, the proposed testimony of Mr. Stidham is not reliable and must be excluded.

## <u>V.</u>     An Expert is Not Permitted to Testify As to Issues of Law

Finally, Mr. Stidham is not permitted to testify as to issues of law. His report and deposition testimony clearly indicate his intent to testify as to <u>solely legal conclusions</u>. (Depo. Stidham pp. 62-63). This is improper and an expert witness may not do so. This is the sole purview of the court. FRE 702 permits a witness, when qualified as an expert, to testify as to his knowledge of *facts* and *skill in the art*. It specifically *does not permit* testimony as to *legal conclusions*, legal requirements, or *legal interpretations*. The proffered expert is permitted only to state his factual conclusions so that he may assist the jury in reaching the ultimate issue. Only the Court may provide the jury with a legal framework within which to reach that issue. "Although an expert's opinion may 'embrace[

] an ultimate issue to be decided by the trier of fact[,]' Fed.R.Evid. 704(a), the issue embraced must be a factual one." Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994).

The Berry Court went on to state, in precise terms, that an expert *may not* express a legal opinion or interpretation:

> It would have been easy enough for the drafters of the Federal Rules of Evidence to have said that a properly qualified expert may opine on the ultimate question of liability. *They did not do so.* When the rules speak of an expert's testimony embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue. We would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). *The distinction, although subtle, is nonetheless important.*

Id. at 1353 (emphasis added). More recently, a sister district court addresses the same issue. Citing its earlier opinion in Lozano v. City of Hazleton, 241 F.R.D. 252, 255-256 (M.D. Pa.2007), the Middle District of Pennsylvania stated, "[A]n expert witness generally may not provide legal opinions, though courts appear to be more concerned about an expert who presents legal conclusions to a jury rather than to a judge." Perez v. Townsend Engineering Co., 562 F. Supp.2d 647, 652 (M.D. Pa. 2008); See United States v. Leo, 941 F.2d 181, 196 (3d. Cir.1991) ("it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury.").

This particularly applies to Mr. Stidham's proposed opinion numbers 5 and 7. In opinion 5 he testifies that Mr. Shoemaker violates a Kentucky statute by following too closely to a vehicle ahead. In number 7 he states that Mr. Shoemaker violated *Indiana* guidelines through his lane shift. Not only do these opinions not relate to the accident which is the subject of this lawsuit, in light of the testimony present in this case they are an incorrect and improper statement of the law and are

improper legal conclusions. The Court is the only body permitted to inform the jury as to legal standards, and whether they apply in this case. An expert witness is certainly not permitted under federal evidentiary law and the case law of the Sixth Circuit to inform a jury that a defendant violated legal standards.

### **VI.** **Conclusion**

Mr. Stidham offers copious opinions in relation to the accident which is the subject matter of this litigation. However, by his own testimony and admission, he is not qualified to offer such opinions. He has limited advanced training and no experience operating or professionally working with large commercial vehicles. He is not an engineer by education and is not a licensed professional engineer. He admits that there is extremely limited physical evidence at the scene, and that he has performed no calculations or testing – and it is questionable based on his resume and testimony whether he would be qualified to perform such had he done so..

Having proffered opinions for which he has no qualifications, Mr. Stidham then fails to establish that these opinions are reliable – an affirmative duty of the Plaintiff's. Mr. Stidham has not tested his opinions in any manner; he does not possess some specific expertise in these areas; nor has he shown that his legal conclusions - which must be excluded under Berry in their own right – enjoy any level of general acceptance. Finally, his opinions were generated solely for litigation and do not arise naturally out of his two years of subordinate work over two decades before this accident occurred. Thus, Mr. Joseph E. Stidham is neither qualified to offer opinions to the jury in this matter, nor are his proffered opinions sufficiently reliable that they could be submitted to the jury to assist them in their deliberations, and his testimony must be excluded as a matter of law.

        Respectfully submitted,

        LARRY C. DEENER
        ELIZABETH A. DEENER
        LANDRUM & SHOUSE, LLP
        P.O. Box 951
        Lexington, KY 40588-0951
        Telephone:  (859) 255-2424
        Facsimile: (859) 233-0308


By:     /s/ Elizabeth A. Deener
        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that on the 7th day of December 2009, I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of the electronic filing to the following:

Richard Hay, Esq.
Rhonda Hatfield-Jeffers, Esq.
Sarah Hay Knight, Esq.
203 West Columbia Street
P.O. Box 1124
Somerset, KY 42502-1124


BY:     /s/ Elizabeth A. Deener
        ATTORNEYS FOR DEFENDANT